**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:08CV490-RJC-DSC**

| | |
|---|---|
| DONALD F. BREEGER, et. al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>US AIRLINE PILOTS )<br>ASSOCIATION, )<br>)<br>Defendant. )<br>)<br>_____) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document #15) and "Memorandum ... in Support ..." (document #16), both filed January 28, 2009; and the Plaintiffs' "Response in Opposition ..." (document #18) filed February 16, 2009. On March 2, 2009, the Defendant filed its "Reply ..." (document #21).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be granted, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

In 2005, the former US Airways merged with America West Airlines ("America West") and the merged airline became US Airways.. At the time of the merger, the pilot groups at pre-merger US Airways and America West Airlines were each represented by the Air Line Pilots Association

("ALPA").

Accepting the allegations of the First Amended Complaint as true, ALPA failed to negotiate a single collective bargaining agreement to cover pilots from the two merged airlines. This was due, in part, to differences between the two pilot groups concerning seniority integration.

The Defendant US Airline Pilots Association ("USAPA") was voted in by a majority of pilots employed by US Airways and certified by the National Mediation Board ("NMB") on April 18, 2008, thereby replacing ALPA as the exclusive collective bargaining agent of all pilots employed by US Airways.

With respect to seniority integration, USAPA's Constitution and Bylaws establish as an objective to "maintain uniform principles of seniority based on date of hire and the perpetuation thereof, with reasonable conditions and restrictions to protect each pilot's un-merged career expectations." The responsibility of interpreting this Constitutional objective and developing a proposed seniority list was delegated to the Merger Committee. The seniority proposal developed by the Merger Committee was approved by USAPA's highest governing body – the Board of Pilot Representatives ("BPR").

The USAPA Merger Committee developed a seniority integration proposal to integrate the existing seniority lists of pre-merger US Airways and pre-merger America West pilots.[1] The integration of these existing lists was based on the prospective application of date of hire principles. The Merger Committee did not apply date of hire principles retroactively to disturb the relative position of the pilots within the pre-merger East and West seniority lists. The West Pilots, on

---

[1] Pilots from pre-merger US Airways are referred to as "East Pilots" and pre-merger America West pilots are referred to as "West Pilots." (FAC Para. 31); (Cleary Decl. Para. 8).

2

average, have lower date-of-hire seniority. Therefore the seniority proposal also contains numerous conditions and restrictions designed to protect the unmerged career expectations of those West Pilots.

After approval by the USAPA BPR, the seniority proposal was presented, during collective bargaining negotiations, to US Airways in September 2008. To date, US Airways has not responded to USAPA's seniority integration proposal and negotiations towards a single collective bargaining agreement continue.

The Plaintiffs, who were all East Pilots, instituted this action on October 28, 2009. In their First Amended Complaint, Plaintiffs set forth only one claim – an alleged breach of the duty of fair representation ("DFR"). Plaintiffs contend USAPA's constitutional seniority objective should have been interpreted to apply retroactively to them, in order to unravel previously implemented seniority integration arrangements affecting the East Pilots who were former employees of Empire and Eastern Airlines. In short, Plaintiffs allege that USAPA breached its DFR by misinterpreting its own Constitution, and they seek to substitute USAPA's current seniority proposal with the one of their own.

On January 28, 2009, the Defendant filed its Motion to Dismiss, contending, among other things, that in the absence of a ratified collective bargaining agreement between the Defendant Union and the Airline, this controversy is not "ripe" and, accordingly, there is no basis for subject-matter jurisdiction.

In their Response, Plaintiffs rely almost entirely upon the District Court's denial of the USAPA's Motion to Dismiss in a similar case filed by the America West pilots in the District of Arizona. See Addington v. US Airline Pilots Ass'n, 2008 U.S. Dist. LEXIS 95214 at *24 (D. Ariz.

2008) (Honorable Neil V. Wake, United States District Judge) (unpublished). As discussed below, significant differences in the facts alleged in support of Plaintiffs' respective DFR claims make Judge Wake's ruling inapposite.

The Defendant's Motion to Dismiss has been fully briefed and is, therefore, ripe for adjudication.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(1), the existence of subject matter jurisdiction is a threshold issue. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party seeking federal jurisdiction in this case, the Plaintiffs, have the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal citation omitted). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal citation omitted).

Federal courts may adjudicate "only actual ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). As a result, federal courts may not entertain actions that are not yet ripe. Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967).

"The Supreme Court has established a two part test for determining ripeness, by deciding: (1) whether the issues are fit for judicial decision, and (2) whether hardship will fall to the petitioning party on withholding court consideration." Static Control Components, Inc. v. Darkprint Imaging, Inc., 135 F. Supp. 2d 722, 732 (M.D.N.C. 2001), citing Abbott Laboratories, 387 U.S. at 148-49. "An issue is not fit for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 188 (4th Cir. 2007), citing Texas v. United States, 523 U.S. 296, 300 (1998).

Concerning the ripeness of a DFR claim, the Supreme Court has recognized that the "final product of the bargaining process may constitute evidence of a breach of duty [of fair representation]." Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 78 (1991) (emphasis added). The parties have not cited, and the undersigned is unaware of, any published federal authority addressing whether a union's conduct may give rise to a ripe DFR claim prior to the conclusion of negotiations with the employer.[2]

The other published authority cited by the parties supports Defendant's contention that the Plaintiffs' DFR claim is not yet ripe. See Federal Express Corp. v. Air Line Pilots Ass'n, 67 F.3d 961, 964-65 (D.C. Cir. 1995) (where employer sought declaratory judgment that it had right to

---

[2] While recognizing that unpublished decisions have no precedential value, the undersigned notes that District Courts in the Northern District of Illinois and the Northern District of California have held that a DFR claim is not ripe until a final agreement between the union and employer is ratified. See Huff v. International Union of Sec. Officers, 2002 U.S. Dist. LEXIS 2003 at *17-18 (N.D. Cal. Jan. 31, 2002) (DFR cause of action based on proposed union affiliation "not yet ripe," noting it "would be entirely premature for the court to act in regard to an affiliation that has yet to be voted on by union members . . . [because] the affiliation may not be ratified."); and Dolan v. Association of Flight Attendants, 1996 U.S. Dist. LEXIS 3342 at *14 (N.D. Ill. Mar. 20, 1996) (even with tentative agreement between airline and union, DFR claim not ripe). Additionally, the Commonwealth Court of Pennsylvania, an intermediate state appellate court with jurisdiction over matters related to state and local government, has held that "any controversy arising from the impact . . . [of ongoing labor] negotiations or arbitration ... will not be ripe until after the bargaining and arbitration process is completed." Fraternal Order of Police v. Yablonsky, 867 A.2d 658, 663 (Pa. Commw. Ct. 2005).

unilaterally impose changed working condition in the absence of a ratified collective bargaining agreement, ongoing negotiations insufficient to create a "controversy" sufficient to support jurisdiction); and United Independent Flight Officers, Inc. v. United Airlines, Inc*.,* 756 F2d. 1262, 1273 (7th Cir. 1985) (recognized the accrual of a DFR claim only after union and employer "fail[] ... to reach agreement").

Plaintiffs' reliance on Judge Wake's decision to deny the Defendant's Motion to Dismiss in the "companion case" filed by the America West pilots in the District of Arizona is misplaced. Judge Wake premised his decision on the allegation, not present here, that the Defendant Union was deliberately delaying negotiations with US Airways in order to prevent the negotiation of a collective bargaining agreement, as follows:

> The claim against USAPA is ripe for adjudication. At least in these circumstances, what USAPA calls a mere "bargaining position" can be the subject of a fair representation claim. **It satisfies the constitutional case or controversy requirement to allege, as the Plaintiff West Pilots have, that USAPA has breached its duty by deliberately delaying the single collective bargaining agreement in order to frustrate its pre-existing obligation to the minority and thereby causing injury to the West Pilots in the form of ongoing furloughs and other detriments**.

Addington, 2008 U.S. Dist. LEXIS 95214 at *24 (emphasis added). As the Defendant points out in its Reply, these Plaintiffs have not alleged that USAPA is deliberately delaying negotiations with US Airways. Instead, they make the contrary allegation, that USAPA is currently attempting to negotiate a collective bargaining agreement incorporating the disputed seniority list.. Therefore, the Addington reasoning is inapposite as to the ripeness question. [3]

---

[3]The Defendant also points out that in the "companion case," the America West pilots have now disavowed the allegation of delay in recent depositions in which they testified – consistent with the Plaintiffs' allegations in this matter – that USAPA is attempting to implement a single collective bargaining agreement incorporating a seniority list based on date-of-hire principles. In light of these admissions and at request of the Court, USAPA recently filed a motion requesting leave to move for summary judgment dismissing the matter based, in part, on ripeness and lack of

Applying Federal Express Corp., supra, and United Independent Flight Officers, Inc., supra, the Court is persuaded that a DFR claim is ripe, at the earliest, when negotiations between the union and employer have reached a conclusion. 67 F.3d at 964-65; and 756 F2d. at 1273. Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss for lack of subject-matter jurisdiction be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Motion to Dismiss" (document #15) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE.**

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with

---

subject matter jurisdiction. See Exhibit A, Addington, Dkt. No. 215.

the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 23, 2009

David S. Cayer
United States Magistrate Judge